JONES, Justice.
Appellee, a minor twelve years of age, sued appellant in the Circuit Court of Oktibbeha County for personal injuries alleged to have been received as a result of the negligence of appellant in the maintenance of a slide at a swimming pool owned and operated by appellant for use of the general public for a fee.
It was charged that the said slide was defectively located upon canted or angled supports so that a person using same would be thereby deflected and could be thrown into the concrete side of the pool. This was what allegedly happened to appellee, and, as a result, he suffered injuries and lost certain teeth and damaged others. It was also alleged that previous accidents had happened to others as a result of said supports.
Appellant denied negligence; denied that said slide was being used by appellee in the manner for which designed; that appellee was thrown into the concrete side of the pool; that the slide had any latent or hidden defect, or that it was inherently dangerous or defectively installed; and denied any negligence contributing to the injuries of appellee; and alleged that the end of the slide projected over the water so that a person using same would be projected into the water of the pool. Appellant also denied any previous accidents from the use of the slide.
From a judgment of $3,000, appellant appeals. We reverse and enter judgment here for appellant.
The only evidence for appellee as to what happened was given by the appellee, who said:
A. Well, I got up on the slide and there was no one behind me. Well, I got up on the sliding board and I started to go down and I always look behind me to see if there is anyone behind me and there wasn’t at this time and I went down on my stomach and as I went off the end I just felt a little bump, so naturally I didn’t know what happened at the time and I know I went off the end of the slide, and I got up and I was just stunned and then the next thing I knew my mother and father were around me with the lifeguard.
Q. Now how did you go down the sliding board? Were you sitting down or were you on your knees, or just how were you?
A. I was on my stomach, like this.
Q. What did you hit when you went off the end? Was it the side or the bottom ?
A. It was the side of the swimming pool. (Emphasis added.)
The answer, “It was the side of the swimming pool,” given in response to a leading question, and after stating, “I didn’t know zvhat happened at the time ” was the only evidence presented to the jury that he struck the side of the pool, and, as shown, was elicited by a leading question.
*35 A lifeguard, a young lady born and reared in Oktibbeha County, a sophomore at Mississippi State University, working as a lifeguard and also holding a part-time job with the County Health Department as she attended school, holding a Red Cross certificate qualifying her as a lifeguard, was on duty at the time, and testified:
A. Yes, sir, I was sitting on the stand next to the sliding board and I had been watching, well, I had noticed him I guess because he was new and I hadn’t seen him at the pool and I saw him going up the ladder to the sliding board and then I looked over to the high dive to watch this other little boy that I wasn’t sure could make it out of the water and he went in and I was watching him swim to the other side and I heard this noise and I looked over to the sliding board and when I looked over there I saw this little boy, he was going down on his knees and I saw him hit his mouth or some part of his face on the edge of the slide. There is about four inches on the edge of the slide and then go into the water and he swam over to the ladder and as he got to the ladder I was off of the stand and helped him out of the water and around to the other side of the pool to another lifeguard, who took him on into the concession stand.
Q. Now, I believe you stated that you saw him come down the slide?
A. Yes, sir.
Q. Did you see him come all the way down the slide?
A. No, sir, I saw him just as he got to the edge.
Q. When you. say the edge, you mean the end of it?
A. When he got to the end, yes, sir.
Q. I believe yott stated that it appeared that he fell forward?
A. Yes, sir.
Q. And hit his face on the side of the sliding board there?
A. Yes, sir.
Q. Where did he fall after that?
A. He just went, he just kind of tumbled on into the water in front of the slide, just went into the pool.
Q. Now where were you sitting at the time this occurred?
A. On the lifeguard stand next to the sliding board.
Appellee’s mother and father were sitting in a car on the left side of the pool “right in front of him,” but neither of them saw him as he hit whatever it was.
A civil engineer, Professor of Civil Engineering at Mississippi State University, testified as to examining the slide. He made pictures of the slide which was situated in the southeast corner of the pool. The pictures showed the slide did not point squarely to the center of the pool but was slanted to one side, and that to have placed it on the side rather than the corner would have been safer. Witness also pointed to alleged defects in the installation that might cause the slide to sway or turn. However, there was no evidence of it ever swaying, turning, or rocking. The appellee’s engineer himself testified that he climbed upon the board when he was there taking pictures showing such alleged defects, and that the board “was quite rigid.” All the testimony for both parties showed this.
The city engineer testified there was %ooths of a foot difference in elevation between the left side of the board and the right side, [viewing the board from top to bottom] the left side being the lower. The board also had guide rails on the side, four inches in height. The left side of the board at its end is one foot and eight inches (20 inches) from the south “scum gutter,” and the right side, *36 two feet and nine inches from the east “scum gutter.” This witness, as well as all the other witnesses, testified the board was rigid and did not sway or turn.
The City Recreational Director, who was the coach and a teacher at the high school, inspected the board the afternoon of the accident and found it “was real solid.” He testified the slide was in the same condition the Friday before the trial as it was on the day of the accident.
It was shown by the appellant’s witnesses that children using the slide, as they came off it, went “right on out into the water.” Two or three days after the accident, the director had several little boys come down the slide in different ways, and all of them went right off into the water— some on their stomachs, some on hands and knees, some on their seats — also on their backs, headfirst, and all went off into the water the same way.
It was never shown that any other child had been hurt on this slide. It was also shown that the slide did not go straight toward the center of the pool because a diving board was to the right of the slide, and had those coming down the slide gone toward the center of the pool, there would have been danger of collision with the divers.
While there was only one specific fact alleged as negligence in the declaration, the issue was submitted to the jury on other specific acts, but all depended on negligence of the City.
The jury first returned a verdict saying:
“We the fury find the defendant not guilty of negligence, but recommend that the plaintiff be compensated in the amount of $3,000.00.” (Emphasis added.)
The Judge did not accept this verdict but directed the jury to return to return their room and reconsider; whereupon they later returned a verdict for $3,000.
We do not reach the issue here as to whether the first verdict finding “the defendant not guilty of negligence” was a valid verdict for appellant, as argued, but we have carefully considered the evidence and are unable to find any proof of negligence on the part of the City — certainly no more than a scintilla, if that much. So far as we can find, there is no proof of failure to exercise reasonable care.
Accordingly, the case is reversed and judgment entered here for appellant. This disposes of both the direct and cross-appeal.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.